60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ulysses G. MOORE, et al., Plaintiffs-Appellants,
v.
FLAV-O-RICH, INC., Defendants-Appellee.
 No. 93-6106.
 United States Court of Appeals, Sixth Circuit.
 July 5, 1995.
 
 Before: KEITH and BATCHELDER, Circuit Judges; and DUGGAN District Judge.*
 PER CURIAM:
 
 
 1
 On January 12, 1993, the Plaintiff-Appellants, Ulysses G. and Duane Moore, d/b/a Brock's Open Air Market and Deli, ("Moores"), filed an amended complaint in the United States District Court for the Eastern District of Tennessee. The complaint alleged the Defendant-Appellee, Flav-O-Rich, Inc. ("Flav-O-Rich"), conspired to violate 15 U.S.C. Sec. 1 ("Sherman Antitrust Act") and sought treble damages pursuant to 15 U.S.C. Sec. 15.
 
 I. Statement of the Case
 
 2
 The Moores claimed that from 1981 to 1989, Flav-O-Rich and a number of other processors and wholesalers of dairy products agreed to fix the price of milk and milk products in Tennessee, Georgia, Kentucky, Mississippi, Florida, North Carolina and South Carolina. The Moores also sought to create a class out of all individuals who purchased dairy products from Flav-O-Rich or the other conspirators in any of those states.
 
 
 3
 On February 1, 1993, Flav-O-Rich moved to have the district court dismiss the case for failing to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative for a more definite statement in the complaint. The Moores' response to this motion was to reaffirm to the district court the list of states where Flav-O-Rich and other milk companies had pled guilty to violations of Section One of the Sherman Act as noted in their amended complaint.[1] This, the Moores assert, entitled them to an inference Flav-O-Rich conspired to fix milk prices in the commercial market. Flav-O-Rich countered by arguing that these guilty pleas had no bearing on whether they fixed prices in the retail milk market.[2]
 
 
 4
 On April 28, 1993, the district court agreed with Flav-O-Rich and ordered the Moores to file a pleading more specific with regard to 1) how they were affected by the conspiracy to which Flav-O-Rich pled guilty; 2) a factual basis for any conspiracy other than the theory regarding the inference from the Flav-O-Rich's guilty pleas; and 3) the damages they suffered. The district court ordered the more specific pleading because it could not find a connection between Flav-O-Rich's guilty pleas and any injury to the Moores. On May 12, 1993, the Moores informed the district court they were going to rely on the complaint as filed.
 
 
 5
 On July 14, 1993, the district court dismissed the Moores' amended complaint. The district court's opinion stated the Moores' failure to establish a nexus between Flav-O-Rich's bid rigging violations and the alleged fixing of wholesale milk provided for resale in the retail market, required dismissal pursuant to Fed.R.Civ.P. 12(b)(6). The Moores filed this timely appeal.
 
 II. Discussion
 
 6
 On appeal, the Moores claim the district court erred by dismissing their action. They assert they have clearly stated a claim under the Sherman Antitrust Act for which they are entitled to recovery.
 
 
 7
 Having carefully reviewed the record on appeal and the arguments set forth in the briefs of the parties, we find no reversible error in the district court's Order. See Crane & Shovel Sales Corp. v. Bucyrus-Erie Co., 854 F.2d 802, 805 (6th Cir. 1988) ("The essential elements of a private antitrust claim must be alleged in more than vague and conclusory terms to prevent dismissal of the complaint on a defendant's 12(b)(6) motion.")
 
 III. Conclusion
 
 8
 For the reasons stated, we AFFIRM the Order issued by the Honorable Thomas G. Hull, United States District Court Judge for the Eastern District of Tennessee dismissing the Moores' Sherman Antitrust Action, pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In July 1991, Flav-O-Rich pleaded guilty to a three-count felony information in Florida for violations of 15 U.S.C. Sec. 1; in June 1992, Valley Rich Dairy, a joint venture of Flav-O-Rich, pleaded guilty to a felony information for rigging bids made to school systems in Virginia and West Virginia; also in June of 1992, three former employees of Meadow Gold Dairies were indicted for conspiring with Valley Rich Dairy to fix the price of wholesale milk; and, finally, in September 1992, Flav-O-Rich pled guilty to a seven-count felony information charging it with rigging bids made to school boards in Georgia, Kentucky, Mississippi, North Carolina, South Carolina and Tennessee. These facts were adopted from the Moores' pleadings into the district court's opinion
 
 
 [2]
 The case in the Western District of Virginia against Flav-O-Rich, Meadow Gold Dairies, Borden and Valley Rich Dairies was dismissed based on a motion for summary judgment. The Virginia district court found summary judgment was appropriate because the testimony of Flav-O-Rich employee Paul French regarding the alleged antitrust conspiracy was inadmissible hearsay